

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-77,314-02

### EX PARTE ERIC STEWART, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10-03859-CRF-272-A IN THE 272ND DISTRICT COURT
### FROM BRAZOS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a building and was sentenced to eight years' imprisonment.

Applicant contends that he is being improperly subjected to sex offender conditions of parole and mandatory supervision, despite never having been convicted of a sex offense. He alleges that he has not been provided with due process before the imposition of such conditions. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Evans*, 338 S.W.3d 545 (Tex. Crim. App. 2011). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,*

334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit detailing Applicant's history of parole and mandatory supervision releases and revocations. The affidavit shall state whether Applicant has been subject to the imposition of sex offender conditions for any previous or current period of supervised release. The affidavit shall state whether Applicant has ever been convicted of a sex offense. If Applicant has not been convicted of a sex offense, but has been subject to the imposition of sex offender conditions, the affidavit shall state whether Applicant was afforded (1) written notice that sex offender conditions may be imposed as a condition of parole or mandatory supervision; (2) disclosure of the evidence being presented against him to enable him to marshal the facts asserted against him and prepare a defense; (3) a hearing in which he was permitted to be heard in person, present documentary evidence, and call witnesses; (4) the right to confront and cross-examine witnesses, unless good cause was shown; (5) an impartial decision maker; and (6) a written statement by the factfinder as to the evidence relied on and the reasons it attached sex offender conditions to his parole or mandatory supervision. The affidavit shall state the reasons for the revocation of any prior period of supervised release.

The trial court may also order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with copies of the written conditions of release for any prior or current periods of parole or mandatory supervision, as well as all written documents pertaining to the revocation of any such periods of parole or mandatory supervision. The trial court shall make findings of fact and conclusions of law as to whether Applicant has previously been or is currently subject to sex offender conditions of parole or mandatory supervision, and if so, whether he has ever been convicted of a sex offense. If Applicant has not been convicted of a sex offense but has been or is currently subject to sex offender conditions, the trial court shall make findings and conclusions as to whether Applicant has received due process before the imposition of such conditions. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: January 30, 2019

Do not publish